IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD JAMES WILLIAMS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-1263-D |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Edward James Williams, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1995, petitioner was released to parole after serving part of two concurrent 15-year sentences for burglary of a building and delivery of a controlled substance. While on parole, petitioner was convicted on federal drug charges and sentenced to 18 months in prison. On September 14, 1998, while petitioner was in federal custody, the Texas Board of Pardons and Paroles revoked his state parole without a hearing.[1] Upon his release from federal custody, petitioner was

---

[1] Section 508.281 of the Texas Government Code provides, in pertinent part:

> If a parole panel or designated agent of the board determines that a releasee or person granted a conditional pardon has been convicted of a felony offense committed while an administrative releasee and has been sentenced to a term of confinement in a penal institution, the determination is considered to be a sufficient hearing to revoke the parole or mandatory supervision or recommend to the governor revocation of a conditional pardon without further hearing, except that the

returned to TDCJ-ID to serve the remainder of his state sentences. Petitioner challenged his parole revocation and the denial of certain sentence credits in an application for state post-conviction relief. The application was denied without written order. *Ex parte Williams*, No. 51,238-01 (Tex. Crim. App. Jan. 30, 2002). Petitioner then filed this action in federal district court.

II.

In his sole ground for relief, petitioner contends that he is entitled to credit on his sentence for the time spent on parole and good time credits earned prior to his release.

As part of his answer, respondent argues that this case is barred by the AEDPA statute of limitations. Petitioner was invited to address the limitations issue in a written reply, but failed to do so. The court now determines that this action should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In cases challenging state parole decisions, including the denial of sentence credits, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). *See Clark v. Quarterman*, No. 3-06-CV-1699-D, 2007 WL 959037 at *1 (N.D. Tex. Feb. 27, 2007) (Kaplan, J.), *rec. adopted*, 2007 WL 987007 (N.D. Tex. Mar. 29, 2007) (Fitzwater, J.). This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The

---

parole panel or designated agent shall conduct a hearing to consider mitigating circumstances if requested by the releasee or person granted a conditional pardon.

TEX. GOV'T CODE ANN. § 508.281(b) (Vernon 2004).

one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner's parole was revoked on September 14, 1998. (*See* St. Parole Rev. Rec. at 3). On July 12, 1999, petitioner filed a state writ of habeas corpus challenging his parole revocation and the denial of certain sentence credits. (St. Hab. Tr. at 2). The writ was denied on January 30, 2002. (*Id.* at cover). Petitioner filed this action in federal district court on July 11, 2007.

The limitations period started to run on the date petitioner could have discovered the factual predicate of his claims through the exercise of due diligence. At the very latest, this occurred on September 14, 1998, when his parole was revoked. *See Clark*, 2007 WL 959037 at *1. The statute of limitations was tolled from July 12, 1999 until January 30, 2002, a period of 934 days, while a properly filed application for state post-conviction relief was pending. Yet petitioner waited more than *five years* after his state writ was denied before filing this action in federal court. No explanation has been offered to excuse this delay. As a result, this case should be dismissed on limitations grounds.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 26, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE